# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

LIONEL ANTHONY BERRYMAN, )
)
                   Plaintiff, )
)
v. ) No. CIV 18-107-RAW-SPS
)
THOMAS K. BALDWIN, et al., )
)
                   Defendants. )

## OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated in the Carter County Jail in Ardmore, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983. He is seeking termination of his drug court sentence with time served, as well as monetary relief for alleged constitutional violations related to his criminal proceedings in Carter County District Court Case No. CF-2013-645. Plaintiff complains of the following unconstitutional acts: "Cruel and unusual Punishment, unfair and imparcial Judgement Bias and Predjudice acts pain and suffering, wrongful imprisonment and Double Jepeordy while being discriminated against." (Dkt. 1 at 3) (errors in original).

The defendants are Thomas K. Baldwin, Carter County Associate District Judge and Drug Court Judge; Heather Cooper and Ryan Hunnicutt, Carter County Assistant District Attorneys; Melonie Blackburn, Defense Counsel; Danny Powell, Carter County Drug Court Coordinator; Debra Washington, Assistant Drug Court Coordinator; and the Carter County Clerk's Office.

**Screening/Dismissal Standards**

When a prisoner files a civil rights complaint seeking relief from a governmental entity or an officer of employee of a governmental entity:

> [T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (dismissal standards for prisoners proceeding *in forma pauperis*).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." *Id*. A reviewing court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotations and citations omitted). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**Request for Release from Custody**

In addition to monetary damages, Plaintiff is asking to have his drug court sentence terminated with time served. Plaintiff's sentence, however, cannot be altered through a civil rights action. Such challenges to sentencing must be addressed through a petition for a writ of habeas corpus.

**Defendant Judge Thomas K. Baldwin**

Plaintiff alleges Defendant Judge Baldwin "was unfair and imparcial [sic] Because I was poor and couldn't hire my own attorney." (Dkt. 1 at 5). "[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Supreme Court of Virginia v. Consumers Union*, 446 U.S. 719, 734-35 (1980) (citations omitted). *See also Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

> [T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

3

*Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted). *See also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (quotation and footnote omitted).

Here, the Court finds that because Plaintiff is complaining of actions taken by Judge Baldwin in his judicial capacity, Baldwin is entitled to absolute judicial immunity from damages liability. Therefore, Plaintiff's claim against Judge Baldwin must be denied for Plaintiff's failure to state a claim upon which relief may be granted and for Plaintiff's seeking monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

**Defendants Heather Cooper and Ryan Hunnicutt**

Plaintiff alleges Assistant District Attorneys Heather Cooper and Ryan Hunnicutt "were unfair and Imparcial, Bias and Prejudice Because Im an African American, Poor And a convicted felon." (Dkt. 1 at 5) (errors in original). A prosecutor possesses prosecutorial immunity from § 1983 lawsuits for damages which are predicated on his performance of functions "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993). The doctrine of absolute immunity extends to a prosecutor's conduct of plea bargain negotiations, because of "its intimate association with the judicial process." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991) (citing *Hammond v. Bales*, 843 F.2d 1320, 1321-22 (10th Cir. 1988); *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981)). The Court, therefore, finds Defendants Cooper and Hunnicutt are entitled to absolute prosecutorial immunity, and Plaintiff's claims against Cooper and Hunnicutt are denied for

failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**Defendant Melonie Blackburn**

Plaintiff claims Defendant Melonie Blackburn, his court-appointed counsel, took the prosecutor's side instead of representing him. (Dkt. 1 at 5). He, however, alleges no specifics about Defendant Blackburn's representation.

Court-appointed lawyers usually are not considered state actors for section 1983 purposes. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981). Further, "even though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 329 n.6 (1983). Therefore, any action taken by Defendant Blackburn was not a state action for purposes of 42 U.S.C. § 1983. The Court finds Plaintiff has failed to state a claim against Blackburn. *See* 28 U.S.C. § 1915A(b).

**Carter County Court Clerk's Office**

Plaintiff alleges that when he filed a motion to withdraw his plea, the Court Clerk said he needed to contact his attorney. When Plaintiff was unable to locate his lawyer, the Court Clerk's Office told him they had nothing to do with pleas and again advised him to contact his counsel. Plaintiff asserts he "got fed up" and filed a complaint. (Dkt. 1 at 7). Plaintiff does not explain how these incidents amounted to a violation of his constitutional rights.

"As a general matter, state courts are considered arms of the state." *Tuell v. Blane County Courts*, No. 16-92-D, 2016 WL 1517985, at *2 (W.D. Okla. Mar. 7, 2016) (unpublished) (quoting 13 Charles Alan Wright et al., Federal Practice and Procedure § 3524.2, at 324-25 (3d ed. 2008)). Therefore, the Carter County District Court is considered

5

an arm of the state entitled to sovereign immunity. *See Edwards v. Whetsel*, No. CIV-08-134-F, 2009 WL 368487 (W.D. Okla. Feb. 13, 2009) (unpublished) (dismissing 42 U.S.C. § 1983 action against Oklahoma County District Court pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) based on Eleventh Amendment immunity); *Colter v. Whetsel*, No. CIV-08-449-W, 2008 WL 4919384 (W.D. Okla. Nov. 17, 2008) (unpublished) (finding Oklahoma County District Court operates as arm of the State entitled to Eleventh Amendment immunity and dismissing claims pursuant to 28 U.S.C. § 1915A(b)(1) on ground of immunity). Because Plaintiff has not alleged or shown a waiver of the State's immunity, this Court lacks jurisdiction to consider Plaintiff's § 1983 claims seeking damages. *See Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 559 (10th Cir. 2000) (Eleventh Amendment immunity constitutes a bar to the exercise of federal court's jurisdiction).

To the extent Plaintiff is attempting to bring an action against the Court Clerk, "[a]bsolute judicial immunity has . . . been extended to non-judicial officers, like clerks of court, 'where their duties had an integral relationship with the judicial process.'" *Sawyer v. Gorman*, 317 Fed. App'x 725, 728 (2008) (unpublished) (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)). Plaintiff has failed to state a claim against the Carter County Court Clerk. *See* 28 U.S.C. § 1915A(b).

**Defendants Danny Powell and Debra Washington**

Plaintiff alleges Danny Powell, Carter County Drug Court Coordinator, and Debra Washington, Assistant Drug Court Coordinator, submitted "dishonest reports" to the judge and discriminated against Plaintiff based on his race. Plaintiff, however, has failed to articulate the content of the alleged reports and how the reports resulted in an adverse result in his criminal proceedings.

The Court finds Plaintiff again is attempting to bring an action against court officers

6

who are entitled to absolute judicial immunity. *See Sawyer*, 317 Fed. App'x at 728. Therefore, Plaintiff has failed to state a claim against these defendants. *See* 28 U.S.C. § 1915A(b).

**Motion to Amend Complaint**

Plaintiff has filed an "Amendment" which the Court construes as a motion to amend the complaint (Dkt. 5). He asks to include the following claim:

> Plaintiff is also being denied due process and access to the Courts through Motions that have been filed in District Court of said County totalling [sic] 5 Motions before Civil Complaint was filed without any response from the Courts on Said Motions.

*Id*. Such attempts to amend a § 1983 complaint in this Court, however, must be filed in accordance with Local Civil Rule 9.2(c), which requires a plaintiff to submit an original amended pleading with a motion to amend.

Even if Plaintiff had followed the procedure set forth in the Court's Local Civil Rules, his allegations fail to state a claim upon which relief may be granted. As discussed above, the Court Clerk's Office is entitled to Eleventh Amendment immunity, and the employees of that office are entitled to absolute judicial immunity. Therefore, Plaintiff's motion to amend complaint (Dkt. 5) is DENIED.

**Conclusion**

Based on the foregoing reasons, the Court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded,

warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The Court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the Court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** Plaintiff's motion to amend complaint (Dkt. 5) is DENIED, and this action is, in all respects, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. This dismissal shall count as a "PRIOR OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 24th day of May 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma